1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

JERALD S. LOEFFLER,                    )    2:06-CV-0333-ECR-LRL
                                       )
        Plaintiff,                     )
                                       )    **ORDER**
vs.                                    )
                                       )
THE RITZ-CARLTON HOTEL COMPANY,        )
L.L.C., a Delaware corporation,        )
d/b/a The Ritz-Carlton, Tysons         )
Corner; DOES I through XXX,            )
inclusive; and Defendants ROE          )
CORPORATIONS I through XXX,            )
inclusive,                             )
                                       )
        Defendants.                    )
_____)

        Defendant has filed a Motion to Dismiss (#3), pursuant to Fed.

R. Civ. P. 12(b)(6), or in the alternative, for a more definite

statement pursuant to Fed. R. Civ. P. 12(e).  Plaintiff has responded

(#6) to the motion and Defendant has filed a reply (#7) in support of

the motion.

        Motion to Dismiss–12(b)(6)

        A motion to dismiss under Fed. R. Civ. P. 12(b)(6) will only be

granted if "it appears beyond doubt that plaintiff can prove no set

of facts in support of her claim which would entitle her to relief."

Lewis v. Tel. Employees Credit Union, 87 F.3d 1537, 1545 (9th Cir.

1996).  On a motion to dismiss, "we presum[e] that general allegations

embrace those specific facts that are necessary to support the claim."

Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992) (quoting

Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 889 (1990)) (alteration

in original).  Moreover, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the non-moving party."  In re Stac Elecs. Sec. Litig., 89 F.3d 1399, 1403 (9th Cir. 1996) (citation omitted).

Although courts generally assume the facts alleged are true, courts do not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).  Accordingly, "[c]onclusory allegations and unwarranted inferences are insufficient to defeat a motion to dismiss." In re Stac Elecs., 89 F.3d at 1403 (citation omitted).

Review on a motion pursuant to Fed. R. Civ. P. 12(b)(6) is normally limited to the complaint itself.  See Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001).  If the district court relies on materials outside the pleadings in making its ruling, it must treat the motion to dismiss as one for summary judgment and give the non-moving party an opportunity to respond.  Fed. R. Civ. P. 12(b); see United States v. Ritchie, 342 F.3d 903, 907 (9th Cir. 2003).  "A court may, however, consider certain materials -- documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice -- without converting the motion to dismiss into a motion for summary judgment." Ritchie, 342 F.3d at 908.

If documents are physically attached to the complaint, then a court may consider them if their "authenticity is not contested" and "the plaintiff's complaint necessarily relies on them." Lee, 250 F.3d at 688 (citation, internal quotations and ellipsis omitted).  A court may also treat certain documents as incorporated by reference into the

2

plaintiff's complaint if the complaint "refers extensively to the document or the document forms the basis of the plaintiff's claim." Ritchie, 342 F.3d at 908.  Finally, if adjudicative facts or matters of public record meet the requirements of Fed. R. Evid. 201, a court may judicially notice them in deciding a motion to dismiss.  Id. at 909; see Fed. R. Evid. 201(b) ("A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.").

We consider this motion as a 12(b)(6) motion.  This requires us, in this case, to consider only the words set forth in the Complaint (#1).  We do not consider here any factual allegations or evidence not included in the Complaint.  There is no relevant evidence of which we could take judicial notice and there are no documents or other materials sought to be incorporated in the Complaint.  Therefore, we deal strictly with the words of the Complaint and reasonable inferences which may be made from them.

In the "Parties, Jurisdiction, and Venue" section of the Complaint, Plaintiff alleges that the transient public and Plaintiff have a reasonable expectation of privacy that records and facts concerning their lodging would remain confidential, and that Defendant owed a duty to its guests to protect such records as private.

The "General Allegations" of the Complaint aver that in Plaintiff's lodging at the hotel, Defendant had with the Plaintiff an express and/or implied contract that Plaintiff's personal information and facts concerning his stay would remain confidential.  The General Allegations also state that Defendant was also bound to honor

Plaintiff's expectation of privacy in the information and facts concerning his stay at the hotel. The Complaint states that the express and/or implied contract of confidentiality was established by reason of Plaintiff's reasonable expectation of privacy, and that this contract and the duty to protect Plaintiff was consummated by Plaintiff's stay at the hotel.

Plaintiff's First Claim for Relief in the Complaint for negligence alleges that Defendant had a duty to exercise reasonable care to protect Plaintiff's private and confidential information.

Plaintiff's Second Claim for Relief is for breach of covenant of confidentiality. It alleges that there was express and/or implied in and by Plaintiff's stay at the hotel a covenant of confidentiality whereby Defendant covenanted that the facts, records, and files of Plaintiff's stay at the hotel would remain confidential. Plaintiff alleges he relied on this covenant of confidentiality and reasonably expected the information concerning the stay to remain confidential.

We treat this claim as one for breach of contract, i.e. in return for Plaintiff's stay at the hotel, Defendant covenanted that the records of Plaintiff's stay would remain confidential. Alternatively, the claim might be construed as one for estoppel.

Plaintiff's Third Claim for Relief for breach of contract alleges that there was a contract of lodging between Plaintiff and Defendant which included an implied agreement that Defendant would safeguard the facts, records, and files of Plaintiff's stay at the hotel.

Plaintiff's Fourth Claim for Relief is for breach of privacy. This claim states that Plaintiff had a reasonable expectation of privacy in the facts, records, and files at the hotel and that Defendant breached Plaintiff's reasonable expectation of privacy.

4

Damages sought by Plaintiff in his Complaint in the First, Second, and Fourth Claims for Relief are loss of income and/or impairment of earning capacity and punitive damages. The Third Claim for Relief seeks damages for loss of income and for impairment of earning capacity, but not punitive damages.

Plaintiff claims in his opposition (#6) to Defendant's motion that the contract alleged in the Complaint is established by Defendant's own expressed privacy policy and consummated by Plaintiff's stay at the hotel; i.e. "Defendant's breach of its own specific contractual privacy provisions with plaintiff" and "negligent failure to adhere to its own express privacy policy that was a part of" its contract with Plaintiff. The opposition (#6) to the motion disavows any claim of common law or statutory principles of invasion of privacy and states that "invasion of privacy" is not at issue. Plaintiff argues emphatically that all of his claims are ones for breach of a contract that incorporated Defendant's privacy policy; that all four claims are based on breach of a contract which included an express privacy policy for protection of confidential information.

However, an examination of the wording of Plaintiff's First and Fourth Claims for Relief shows that these claims do not encompass claims for breach of contract. They appear to be tort claims for violation of common law or statutory rights of privacy rather than for breach of contract. These two claims appear subject to the two-year Virginia statute of limitations for tort actions.

The Second and Third Claims for Relief do appear to be made on a basis of breach of an implied contract on the face of the Complaint. These two claims appear to be subject to the Virginia three-year statute of limitations.

The parties dispute as to the First and Fourth Claims when the "injury" occurred which would trigger the running of the statute, i.e. when the disclosure of the claimed confidential information was made by Defendant or when Plaintiff learned of the information that the matter had been disclosed.  This issue has been only sketchily briefed and requires additional research and points and authorities before a 12(b)(6) dismissal should be ordered.  Statute of limitations issues are usually fact intensive and we have no evidence at this point in the proceedings, only the bare allegations of the Complaint as to when the disclosure was made and when it was learned of by Plaintiff, nothing more.  Under these circumstances, a 12(b)(6) dismissal would be premature and disfavored, although these claims may be vulnerable for dismissal on the basis of the statute of limitations at the summary judgment stage or the time of trial.

The breach of contract claims were filed within the three-year statute, i.e. the disclosure of the information occurred October 28, 2003, and this suit was filed March 17, 2006.  The Second and Third Claims for Relief thus would not be subject to dismissal on the basis of the statute of limitations.

The pleading of damages in the Complaint as outlined above presents problems which should be analyzed.  The pleadings appear appropriate with respect to First and Fourth Claims for Relief, i.e. the tort claims.

The Third Claim for Relief for breach of contract seeks damages for loss of income and impairment of earning capacity which may appear to be classified as contractual "reliance damages" appropriate to a breach of contract claim.  However, the Second Claim of Relief, which is a breach of contract claim, seeks the same damages as the Third

Claim for Relief, but also for punitive damages. Punitive damages generally may not be awarded for a breach of contract claim and that portion of the Second Claim for Relief may be subject to being stricken on that basis. Nonetheless, we characterize the Second Claim for Relief as essentially a breach of contract claim, notwithstanding the erroneous punitive damages sought.

There is no particularity requirement in the rules for pleading a breach of contract claim. The present pleading leaves out what Plaintiff claims is a critical element, i.e. that the claimed implied contract incorporates Defendant's alleged strong policy of confidentiality for guest's records. Nonetheless, the contract is plead sufficiently to meet notice pleading standards and to claim relief for which Plaintiff might be able to provide sufficient evidence. The motion for more definite statement should therefore, also, be denied.

The two invasion of privacy claims, the First and Fourth Claims for Relief, appear to be vulnerable to Defendant's argument that Virginia does not recognize a common law tort for invasion of privacy on the facts of this case. Plaintiff does not, in any event, choose to contest this contention in his opposition to the motion, but rather seeks to characterize these claims as contractual, rather than tort. Plaintiff appears to concede the issue that there is no claim for invasion of privacy that can be made under the applicable Virginia law, under the facts of this case as plead in the Complaint. The First and Fourth Claims for Relief on this basis are subject to dismissal under 12(b)(6) for failure to state a claim upon which relief can be granted.

1    We observe incidentally that the Complaint may sufficiently
2  allege that Defendant's alleged privacy policy could have been
3  incorporated into the claimed contracts for lodging, but that
4  violation by Defendant of its own privacy policy, in and of itself,
5  would not confer a right of action on Plaintiff.

6    It does not appear that oral argument would be of assistance to
7  the Court in deciding this motion, and, therefore, the requests for
8  oral argument are denied.

9    **IT IS, THEREFORE, HEREBY ORDERED** that:

10   (1)  Defendant's Motion (#3) to Dismiss for failure to state a
11        claim pursuant to Fed. R. Civ. P. 12(b)(6) is **GRANTED** as to
12        Plaintiff's First and Fourth Claims for Relief in the
13        Complaint and is **DENIED** in all other respects.

14   (2)  Defendant's Motion (#3) for a more definite statement
15        pursuant to Fed. R. Civ. P. 12(e) is **DENIED**.

16   (3)  Plaintiff shall have twenty (20) days within which to file
17        an amended complaint, if he wishes to do so.

18
19   DATED:   June __26__, 2006.

20
21        _____
22        UNITED STATES DISTRICT JUDGE

8